UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KITSCH LLC,<br>a Delaware limited liability company,<br><br>*Plaintiff*,<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED CORPORATIONS IDENTIFIED ON SCHEDULE "A",<br><br>*Defendant*. | Case No. |

# COMPLAINT

Plaintiff, KITSCH LLC, a Delaware limited liability company ("Plaintiff") hereby brings this copyright infringement action against the Partnerships and Unincorporated Associations identified in Schedule "A" attached hereto (collectively, "Defendants") and alleges as follows:

### I. NATURE OF THE ACTION

1. This action is for copyright infringement arising under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*, including 17 U.S.C. §§ 501, 502,

1

503, 504, and 505; and false association arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2. Plaintiff files this action to combat infringers who trade upon Plaintiff's copyrighted work, reputation, and goodwill by selling and/or offering for sale unauthorized reproductions of Plaintiff's works, namely the heatless hair curlers, a sampling of which are shown in Exhibit 1 ("Infringing Products"). The Defendants operate several Amazon storefronts (the "Seller Aliases") intended to appear to be selling genuine Kitsch products, by misusing Plaintiff's copyrighted work, while actually selling Infringing Products to unsuspecting consumers. Defendants also misrepresent the origin, sponsorship, or approval of their products through the unauthorized use of Plaintiff's intellectual property and false designations of origin.

3. The Seller Aliases share unique identifiers, such as similar infringing product images, descriptions, advertising materials, and design elements, and other deceptive elements, as well as similarities in the infringing products themselves, establishing a logical relationship between them and suggesting that Defendants' operations arise out of the same transaction, occurrence, or series of transactions or occurrences, all aimed at misleading consumers into believing that the infringing products are genuine Kitsch products.

## II. JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement arising under the Copyright Laws of the United States, Title 17, United States Code, and tortious interference under the law of the State of Illinois.

5. This Court has subject matter jurisdiction over Plaintiff's copyright claims under 28 U.S.C. § 1338 (copyright) and 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

6. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Seller Aliases. Specifically, Defendants are reaching out to do business with Illinois residents by operating the Seller Aliases through which Illinois residents can purchase Infringing Products. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and on information and belief, has sold Infringing Products to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants are Chinese individuals or entities.

### III. PARTIES

8. Plaintiff Kitsch is a limited liability company organized under the laws of Delaware, having a principal place of business at 5301 Rosewood Avenue, Los Angeles, California 90004.

9. Plaintiff is the exclusive licensee with the right to sue under the attached U.S. Copyright Registration, Registration No. VA 2-379-721, a true and correct copy of which is attached hereto as Exhibit 2 (the "Kitsch Copyright").

10. Defendants have listed their locations as either Shenzhen or Guangzhou in Guangdong Province, China, Suzhou in Jiangsu Province, China, Dongguan in Guangdong Province, China, and Hefei in Anhui Province, China. It is common practice for Chinese business entities to open and operate multiple Amazon listings under different names, even though they are owned and operated by the same entity.

### IV. BACKGROUND

11. Kitsch is a leading accessories manufacturer that sells products and tools directed to fashion. For example, Kitsch products include hair ties, headbands, and jewelry, including rings, necklaces, earrings, and other fashion accessories. Kitsch also offers many hair care products, including heatless hair curlers. Today, Kitsch products can be found in over 2,000 locations worldwide and have been sold

4

to large retailers such as Nordstrom, Anthropologie, Free People, Kitson, Urban Outfitters, Paper Source, W Hotels, Francesca's and more. Kitsch additionally sells its products online such as by operating an e-commerce website and through Amazon.com which serves thousands of retail customers worldwide.

12. On January 19, 2024, Kitsch obtained a copyright registration for it called "Heatless Curl Photograph." This registration was assigned Registration No. VA 2-379-721. Below is a copy of the deposit material that was submitted to the Copyright Office in connection with this registration:



The Heatless Curl Photograph is representative of the Kitsch Copyright and is protected under Registration No. VA 2-379-721. (*See* Exhibit 2).

13. Plaintiff's own line of heatless hair curlers on Amazon incorporates the original expression protected by the Kitsch Copyright. Plaintiff's products as

5

depicted in the copyrighted work are well-established on the Amazon marketplace, enjoying positive customer reviews and high ratings.

14. Plaintiff has not granted a license or any other form of permission to Defendants to reproduce, distribute, or otherwise use the Kitsch Copyright. On information and belief, Defendants are an interrelated group of infringers acting in concert to willfully market, offer for sale, sell, and/or import into the United States for subsequent sale or use products that directly and/or indirectly infringe upon the Kitsch Copyright. For instance, Defendants are offering substantially similar or nearly identical infringing photographs, product descriptions, and listings, which contain elements designed to mislead consumers into believing that Defendants' products are genuine Kitsch products. Defendants employ a variety of tactics to conceal their true identities, making it virtually impossible for Plaintiff to learn the full scope of Defendants' activities and interworking. Should Defendants provide further credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint accordingly.

## V. COUNT 1 – COPYRIGHT INFRINGEMENT

15. Kitsch realleges the preceding paragraphs as though set forth fully herein.

16. The Kitsch Copyright is an original work created by and/or for Kitsch.

17. The Kitsch Copyright work is subject to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

18. Kitsch filed an application for copyright registration with the United States Copyright Office for the Kitsch Copyright, complied with all aspects of the law of copyright, and was granted a registration on November 19, 2023, as registration number VA 2-379-721 to secure exclusive rights and privileges in and to the copyright of the Kitsch Copyright. (*See* Exhibit 2).

19. Defendant has used a copy and/or derivative work of the Kitsch Copyright as show in Paragraph 10, above.

20. Defendant's photograph is strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the Kitsch Copyright.

21. Defendants have infringed the Kitsch Copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from Kitsch.

22. Defendant's infringement has been and continues to be willful.

23. By reason of Defendant's acts, Kitsch has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

24. Defendant has profited and have been unjustly enriched as a result of the infringement of Kitsch's copyrighted work.

25. Unless enjoined by this court, Defendant will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Kitsch. Kitsch has no adequate remedy at law for Defendant's wrongful acts.

26. For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendants are not enjoined from selling, their sales will continue to negatively impact Kitsch's sales velocity and comment volume which will irreparably harm Kitsch's marketability on Amazon.com.

27. Additionally, Kitsch has suffered damages as a direct and proximate cause of infringement and is entitled to such damages, including Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

28. Kitsch is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## VI. COUNT II – FALSE ASSOCIATION

29. Kitsch realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

30. Through their unauthorized and infringing use of the Kitsch Copyright, Defendants have engaged in commerce using false designations of origin, misleading descriptions, and deceptive representations of fact in the advertising, marketing, and sale of Infringing Products. These actions are likely to cause confusion, mistake, or deception regarding the affiliation, connection, or association of Defendants with Kitsch, or the origin, sponsorship, or approval of Defendants' products by Kitsch.

31. Defendants' actions as alleged herein constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendants' conduct is likely to cause confusion among consumers, including but not limited to confusion as to the source, sponsorship, or approval of Defendants' products, and to diminish the value of Kitsch's goodwill and reputation in its brand and products.

33. Defendants' acts have caused and will continue to cause irreparable harm to Kitsch, including harm to its reputation, goodwill, and ability to control the use of its intellectual property in commerce.

34. Defendants' actions are willful and undertaken with full knowledge of Kitsch's rights, entitling Kitsch to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a).

35. Kitsch has no adequate remedy at law to address the ongoing harm caused by Defendants' conduct and is entitled to injunctive relief to prevent further harm.

## VII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Reproducing, distributing, offering for sale, selling, displaying, or importing any products, services, or materials not authorized by Plaintiff that contain, embody, or incorporate any reproduction or colorable imitation of Plaintiff's Copyrighted Work or that bear false designations of origin likely to cause confusion with Plaintiff's products;

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Copyrighted Work or engaging in any

10

deceptive trade practices such as using any trademark, trade name, design, logo, or image in a manner that is likely to cause confusion regarding the affiliation, connection, or association between Defendants and Plaintiff or between Defendants' products and Plaintiff's products; and

c. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

a. Disable and cease providing services being used by Defendants, currently or in the future, to engage in the offering, sale, or distribution of goods, services, or materials that infringe

11

    Plaintiff's Copyrighted Work;

  b. Disable and cease displaying any advertisements used by or associated with Defendants in connection with the offering or sale of infringing materials; and

  c. Take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

3) That Plaintiff be awarded such damages as are adequate to compensate Plaintiff for infringement of the Copyrighted Work, including, but not limited to, actual damages and all profits realized by Defendants, or others acting in concert or participation with Defendants, arising from Defendants' infringement of the Copyrighted Work; and false association, including all profits derived from Defendants' unauthorized use of Plaintiff's intellectual property, corrective advertising expenses, and other damages sustained as a result of consumer confusion caused by Defendants' actions.

4) That the Court, pursuant to 17 U.S.C. § 504, award statutory damages or, in the alternative, increase the damage award upon a finding of willful infringement, in an amount up to the maximum allowed under law.

5) That Plaintiff be awarded damages sustained as a result of Defendants' false

designations of origin, including Defendants' profits derived from such conduct, enhanced damages under 15 U.S.C. § 1117(a), and corrective advertising expenses.

6) That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 and other applicable law; and

7) Any and all other relief that this Court deems just and proper.

Dated:  January 16, 2025         Respectfully submitted,

                                 Plaintiff KITSCH, LLC.,


                                 By:   /s/ Harry O. Channon
                                       Counsel for Plaintiff Kitsch, LLC


Harry O. Channon (ARDC # 6282644)
**FRANKLIN, GREENSWAG, CHANNON & CAPILLA, LLC**
181 Waukegan Road. Suite 205
Northfield, Illinois 60093
Tel.: 847.701.2250
Fax: 847.501.5390
hchannon@fgcclaw.com

Mark A. Cantor (P32661)
Rebecca J. Cantor (P76826)
Muhammad A. Siwani (P87435)
**BROOKS KUSHMAN P.C.**
150 W. Second Street, Suite 400N
Royal Oak, Michigan 48067-3846
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com

*Attorneys for Plaintiff*